910 So.2d 1147 (2005)
Eric Jermaine THOMAS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01506-COA.
Court of Appeals of Mississippi.
March 29, 2005.
Rehearing Denied September 13, 2005.
*1148 Eric Jermaine Thomas, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
*1149 Before LEE, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. This appeal was brought under the Post-Conviction Relief Act in the Circuit Court of Stone County, Mississippi. Eric Jermaine Thomas pled guilty to the crime of aggravated assault on February 23, 1996, and was sentenced to twenty years, suspended, and placed on probation for five years. Thomas's probation was revoked on July 18, 2001 and his subsequent motion for post-conviction relief was denied on June 17, 2003. The defendant timely appealed the denial of his post-conviction motion.

FACTS
¶ 2. On September 21, 1995, the Stone County Grand Jury returned an indictment in cause number 1871 charging Eric Thomas with the crime of aggravated assault for shooting a person the previous July. Thomas pled guilty to the charge on February 12, 1996 before Judge John Whitfield, who deferred sentencing until February 23, 1996. On the scheduled sentencing date Judge Whitfield sentenced Thomas to twenty years in custody of the Mississippi Department of Corrections (MDOC), but suspended execution of the sentence and ordered that Thomas be placed in the Regimented Inmate Discipline (RID) program for not longer than 180 days. However, due to the fact that Thomas was convicted of a felony involving the use of a deadly weapon, Thomas was found ineligible for RID according to the provisions of Miss.Code. Ann. § 47-7-47 (Rev.2004). The MDOC moved Thomas into the general prison population. Thomas moved for reconsideration of his sentence, and on June 28, 1996, Judge Whitfield granted the motion and sentenced him to twenty years suspended and five years of probation.
¶ 3. Thomas tested positive for marijuana and cocaine use in October of 1996, and the MDOC petitioned for revocation of probation on October 18, 1996. On October 23, 1996, Judge Whitfield revoked Thomas's probation and sentenced him to serve his twenty years. Thomas filed a motion for post-conviction review alleging lack of notice. Judge Whitfield granted this motion on November 29, 1999 and vacated his sentencing order of October 1996, and resentenced Thomas to twenty years suspended and five years probation "from the date of this order." Judge Whitfield amended the November 29, 1999 order on January 21, 2000, to delete the requirement that Thomas be sent to the restitution center.
¶ 4. On March 14, 2000, the MDOC again petitioned to revoke probation on the grounds that Thomas had been arrested on February 27, 2000, for careless driving, failure to yield to blue lights, and driving without a driver's license. The MDOC amended this petition on March 24, 2000, to add that Thomas had tested positive for cocaine use on February 16, 2000. Judge Whitfield released Thomas from custody on June 12, 2000, pending his revocation hearing. On June 19, 2000, Judge Whitfield ordered that Thomas remain on his original probation with weekly drug tests for a period of six months, and reset the case to determine Thomas's status on June 19, 2001.
¶ 5. Less than two months after the first revocation hearing, the MDOC again petitioned to revoke Thomas's probation, this time on the grounds that Thomas had been arrested June 30, 2000, and charged with possession of a controlled substance. On November 6, 2000, after a hearing on the MDOC motion, Judge Whitfield revoked Thomas's probation.
*1150 ¶ 6. Thomas moved for reconsideration of the November 6, 2000 order; while conceding that while he would not contest the sufficiency of the grounds of his revocation, he asked the Court to give him one more chance. Judge Whitfield took the matter under advisement, and later that day entered an order allowing Thomas to remain on probation "at this time."
¶ 7. Less than two weeks later, on November 22, 2000, the grand jury indicted Thomas for possession of a controlled substance. His July 2001 jury trial resulted in a guilty verdict as to that charge. Thomas was sentenced to serve three years in the custody of the MDOC on the drug conviction, said sentence to run consecutively to Thomas's sentence in cause number 1871. Finding that Thomas had violated the terms of his probation in cause number 1871, Judge Terry revoked his probation and sentenced him to twenty years. Aggrieved by the denial of his post-conviction review motion, Thomas asserts the following errors on appeal: (1) whether the trial judge denied the petitioner due process of law in revoking probation; (2) whether the sentence imposed exceeds the statutory maximums allowed under Mississippi law; and (3) whether the court extended Thomas's probation beyond the five-year statutory maximum.

ISSUES AND ANALYSIS

I. Whether the trial judge denied the petitioner due process of law in revoking probation.
¶ 8. In reviewing a trial court's decision to deny a motion for post-conviction relief the trial court's factual findings will not be reversed absent a finding that the trial court's decision was clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000). Thomas alleges that he was not provided with notice that a revocation hearing on his aggravated assault plea was going to take place after his trial for possession of a controlled substance. Thomas further alleges that the Court's failure to provide notice deprived him of the opportunity to present witnesses and evidence concerning his underlying aggravated assault conviction, and to present argument regarding the legality and fundamental fairness of reinstating his sentence of twenty years.
¶ 9. It is well established that while the panoply of rights surrounding an accused in a criminal trial are by no means required in a probation revocation, nonetheless the probationer has some right to due process. Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Mississippi's requirements for a final revocation hearing entail (a) a written notice of the claimed violations of probation; (b) disclosure to the probationer of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) right to confront and cross-examine adverse witnesses (unless hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation. Riely v. State, 562 So.2d 1206, 1210 (Miss.1990).
¶ 10. When viewed in light of the record, it is clear that Thomas's due process claims are unavailing. After MDOC attempted to revoke Thomas's probation for the second time, Judge Whitfield at first granted the motion but then decided to take Thomas's November 6, 2000 motion for reconsideration under advisement. *1151 The order issued by Judge Whitfield after consideration of Thomas's motion to reconsider constitutes the pertinent point of contention for this issue and is determinative of Thomas's claim. On the same day of Thomas's motion, Judge Whitfield entered an order that stated the "court does not revoke his probation at this time, and the defendant is allowed to remain on probation with the same conditions and terms as previously ordered."
¶ 11. Admittedly, the court's language in declining to revoke Thomas's probation "at this time" is subject to differing good-faith interpretations. However, it is the opinion of this Court that the language used in Judge Whitfield's order cannot be construed as a final judgment on the matter, as is Thomas's contention. Were the intent of the order to be conclusive, it would have been wholly illogical to include the phrase "at this time." It can also not be said on appeal that the language used is mere happenstance. Therefore, we must conclude that Thomas's possible revocation on account of his pending possession charge was still an open issue.
¶ 12. Thomas correctly argues that his five-year probationary period, which began on February 23, 1996, expired on February 23, 2001. The record makes clear that his final revocation occurred on July 18, 2001, more than four months after his probation was to end. The question next becomes whether the revocation proceedings were initiated before his five-year probation ended. As we have already discussed, Thomas alleges that Judge Whitfield's order of November 6, 2000 concluded the second attempt by MDOC to have his probation revoked, and that as such, a new attempt at revocation, replete with the requisite notice, was required by MDOC before any further attempts at revoking his probation were heard. According to Thomas, since no third attempt by MDOC was forthcoming, his revocation of July 18, 2001 was both after his probation had expired, and completely devoid of notice.
¶ 13. Less than two weeks after Judge Whitfield's order allowing Thomas to remain on probation "at this time," Thomas was indicted by the grand jury for cocaine possession. We find that the MDOC's second attempt at revoking Thomas was still an open matter, and therefore Thomas was on notice that he was still in danger of having his probation revoked prior to the expiration of the five-year period, especially in light of his recent arrest for cocaine possession. After Thomas was convicted at trial, Judge Terry, who had replaced Judge Whitfield, properly sentenced Thomas and revoked his probation by way of his July 18, 2001 order.
¶ 14. Thomas argues that he was unfairly prejudiced by Judge Terry's summary order. Simply put, there was no need to accommodate Thomas in putting forth witnesses or evidence at a hearing prior to his revocation. His probation was revoked on the basis of his conviction after jury trial on the possession of a controlled substance. To conduct a hearing on the evidence sustaining his revocation would be to relitigate the trial that had concluded that very day. Finally, Thomas argues that he should have been offered the opportunity to argue the "fairness" of sentencing him to twenty years of incarceration. We find that the State of Mississippi has offered Thomas treatment and second chances that are patently more than fair. In fact, the only argument that can be made that Thomas's treatment has been unfair must be construed to run decisively toward the prejudice of the state. We therefore find no merit to this issue.

II. Whether the sentence imposed exceeds the statutory maximums allowed under Mississippi law
¶ 15. Thomas next alleges that his sentence exceeds the statutory minimums *1152 of this state due to the fact that no mention was made in Judge Terry's sentencing order that he is required to receive credit for time served. That he is to receive credit for time served is a matter of course, the computation of which is the responsibility of the MDOC. We therefore find that the sentence given to Thomas is proper and that the time ultimately served will reflect his credit for time served absent a showing to the contrary. We find no error here.

III. Whether the Court extended Thomas's probation beyond the five-year statutory maximum.
¶ 16. Due to our holding in regards to the lack of finality of Judge Whitfield's order of November 6, 2000, we find no violation of the statutory maximum for probationary periods. The MDOC motion for revocation was clearly commenced, and still pending, prior to the expiration of the five-year period. Having found no merit to any of Thomas's issues raised on appeal, we affirm the denial of his petition for post-conviction relief.
¶ 17. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.