KING, C.J.,
for the Court.
¶ 1. Leroy Campbell appeals the Harrison County Circuit Court’s denial of his motion titled “Nunc Pro Tunc.” The motion requested the trial court correct the computation of his credit for time served prior to sentencing. This Court finds that, since Campbell has completed his sentence, this issue is moot.
FACTS
¶ 2. On November 5, 2004, Campbell was arrested and charged with embezzlement. He posted bond on November 23, 2004, and left Mississippi traveling to Louisiana. He was indicted for the crime of embezzlement by a Harrison County grand jury on April 11, 2005. On August 15, 2005, an arrest warrant was issued for Campbell.
*908 ¶ 3. He was arrested by police in Louisiana on October 17, 2005. The following day he signed a waiver of extradition freely volunteering to return to Mississippi to respond to the criminal charges. For some reason that is not apparent from the record, Campbell was not extradited from Louisiana until November 17, 2005.
¶ 4. Upon extradition, Campbell pleaded guilty to embezzlement and was sentenced to serve two years, day-for-day, in the custody of the Mississippi Department of Corrections (MDOC). In addition, the trial court granted Campbell credit for time served. Campbell was placed in the custody of MDOC immediately after sentencing.
¶ 5. On August 16, 2006, Campbell filed a motion titled “Nunc Pro Tunc” that claimed he was given the incorrect amount of credit for time served. The trial court denied the motion finding that the sentencing order did grant him credit for time served. On October 23, 2006, Campbell filed a motion titled “Amended Nunc Pro Tunc Motion.” It stated that while the trial court did provide credit for time served, the amount was calculated incorrectly because it failed to include the time he had spent in custody in Louisiana awaiting extradition to Mississippi after he had waived extradition. The trial court once again denied the relief sought, and Campbell instituted this appeal.
ANALYSIS
¶ 6. While Campbell never specifically requested post-conviction relief, the essence of his motion states that he is serving an illegal sentence. He specifically argues that MDOC wrongly denied him credit for time served while awaiting extradition from Louisiana. The appellate courts have previously addressed such claims. Holland v. State, 418 So.2d 73, 74 (Miss.1982); Taylor v. State, 726 So.2d 227, 227-28 (¶¶ 3-8) (Miss.Ct.App.1998). However, more recently this Court has stated that computation of credit for time served is left to MDOC, and that the proper redress is first through MDOC’s administrative system. Melton v. State, 930 So.2d 452, 455-56 (¶¶ 13-14) (Miss.Ct.App.2006); Thomas v. State, 910 So.2d 1147, 1152(¶ 15) (Miss.Ct.App.2005).
¶ 7. Rather than determine whether this matter falls under the post-conviction relief statutes or administrative remedies, we note that on September 30, 2007, Campbell was released from the custody of MDOC, having served his two-year sentence. Since Campbell has completed his sentence and is no longer in custody for this crime, the issue has become moot and this appeal is dismissed. Rankins v. State, 937 So.2d 45, 45(¶ 2) (Miss.Ct.App.2006).
¶ 8. THE APPEAL FROM THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.