ISHEE, J.,
for the Court:
¶ 1. In 1994, Owen Nelson was convicted in the Marion County Circuit Court of armed robbery and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Nelson was released on parole in 2007 but was returned in 2009 for multiple violations of his parole conditions. Several months after his return, he was granted parole once more but was returned in 2011 to the MDOC’s Central Mississippi Correctional Facility (CMCF) in Rankin County, Mississippi, for failing to meet his parole provisions. Aggrieved by the second revocation of his parole, Nelson filed suit for habeas corpus in the Rankin County Circuit Court against the CMCF supervisor and the Mississippi State Parole Board (Parole Board). The circuit court treated Nelson’s filing as a motion for post-conviction relief (PCR) and upheld the Parole Board’s decision to rescind Nelson’s parole. It is from that judgment that Nelson appeals. We find the circuit court lacked the requisite jurisdiction to hear Nelson’s PCR motion and dismiss this action.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Nelson committed armed robbery in Marion County, Mississippi, in 1993. He *174 was convicted in the Marion County Circuit Court in 1994 and was sentenced to life in the custody of the MDOC. Nelson appealed, and his conviction and sentence were affirmed in 1997. Nelson v. State, 693 So.2d 388 (Miss.Ct.App.1997). In July 2007, Nelson was released on parole. In 2009, he was returned from parole for failure to report; failure to pay his supervision fees; failure to maintain a residence; prohibited use of alcohol; and failure to abide by the law after being charged with driving under the influence of alcohol, driving without insurance, and driving with a suspended license.
¶ 3. In March 2010, Nelson was granted parole once again on the conditions that he attend long-term alcohol and drug treatment, as well as thirty Alcoholics Anonymous meetings in thirty days. In January 2011, Nelson’s parole was revoked a second time for failure to report, failure to pay his supervision fees, and failure to attend the required alcohol and drug treatment. He was returned to CMCF.
¶ 4. Nelson soon filed for habeas corpus relief in the Rankin County Circuit Court claiming the Parole Board unjustly revoked his parole and he was being held illegally. The Rankin County Circuit Court treated the filing as a PCR motion and affirmed the Parole Board’s decision. Nelson now appeals the Rankin County Circuit Court’s judgment.
DISCUSSION
¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act governs “post-conviction habeas corpus, as well as statutory post-conviction habeas corpus.” Miss.Code Ann. § 99-39-3(1) (Rev.2007). As such, while Nelson’s claim is titled as that of habeas corpus relief, it is positioned as a PCR motion.
¶ 6. Nonetheless, a PCR motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated. Maston v. State, 768 So.2d 354, 355 (¶¶ 4-5) (Miss.Ct.App.2000). Accordingly, Nelson’s PCR motion should have been filed in the Marion County Circuit Court, not the Rankin County Circuit Court. The Rankin County Circuit Court lacked the requisite jurisdiction to hear Nelson’s claim.
¶ 7. The State notes that Mississippi Code Annotated section 47-5-803(2) (Rev.2011) requires a prisoner appealing an MDOC administrative decision to exhaust all administrative remedies prior to petitioning the circuit court to reverse the MDOC’s decision. In cases where the prisoner challenges an MDOC decision, venue is appropriate where the prisoner resides. Miss.Code Ann. § 11-11-3 (Rev. 2004). Should a prisoner appeal an MDOC administrative decision through the circuit court prior to exhausting all administrative remedies, the circuit court must stay the proceedings for ninety days and advise the petitioner to complete the administrative requirements. Guy v. State, 915 So.2d 508, 510 (¶¶ 7-8) (Miss.Ct.App.2005) (citing Miss.Code Ann. § 47-5-803(2)).
¶ 8. Here, however, Nelson appeals the decision of the Parole Board, not the MDOC. The Parole Board is an entity separate from the MDOC and, therefore, is not subject to the MDOC’s administrative requirements in order for an appeal to be proper, as discussed above. Thus, Nelson’s direct appeal to a circuit court was the proper vehicle for his claims. However, Nelson’s appeal lacked the requisite jurisdiction due to his filing in an improper venue.
¶ 9. Furthermore, “[wjhere the conviction and sentence have been affirmed on appeal ..., [a PCR motion] shall not be *175 filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court.” Miss.Code Ann. § 99-39-7 (Supp.2012). “This procedure is not merely advisory, but jurisdictional.” Bessent v. Clark, 974 So.2d 928, 933 (¶ 18) (Miss.Ct.App.2007) (citation omitted). Because Nelson’s conviction and sentence were affirmed on direct appeal, he was required to obtain permission from the supreme court to file his PCR motion. He failed to do so. Hence, the circuit court lacked jurisdiction to hear his PCR motion, as do we. As such, we dismiss Nelson’s appeal for lack of jurisdiction.
¶ 10. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.