BARNES, J.,
for the Court:
¶ 1. In 1988, Dwight Lott was convicted in the Pearl River County Circuit Court for murder and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Lott was released on parole in 2000, but was arrested in July 2010 on charges in Marion County, resulting in an indictment in May 2011 for attempted sexual battery and molestation of a child. Although the Marion County charges were nolle prossed in May 2012, the Mississippi Parole Board revoked Lott’s parole on October 12, 2011. Lott filed a motion for post-conviction relief (PCR) in the Greene County Circuit Court on October 15, 2012, alleging that he had been denied a parole hearing. The circuit court denied Lott’s motion on the merits on January 29, 2013. It is from this judgement that Lott appeals. We find that the circuit court lacked the requisite jurisdiction to hear Lott’s PCR motion and dismiss this appeal.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Lott committed murder in Pearl River County and was sentenced in 1988 to life in the custody of the MDOC. Lott appealed, and his conviction was affirmed in 1992. Lott v. State, 597 So.2d 627, 631 (Miss.1992). In 2000, Lott was paroled.
¶ 3. On July 6, 2010, Lott was arrested in Marion County for the offenses of attempted sexual battery and child molesta *230 tion. Lott was indicted on these charges in May 2011. On October 12, 2011, the Parole Board revoked Lott’s parole. In May 2012, Lott’s Marion County charges were dismissed by the State due to the failure of the victim to cooperate in the prosecution of the matter.
¶ 4. Lott filed a PCR motion in the Greene County Circuit Court on October 15, 2012, alleging that he had been denied a parole hearing and other rights set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). It is unclear on this record whether Lott is correct in this contention. The circuit court treated the filing as a PCR motion and denied it on January 29, 2013. Lott now appeals the circuit court’s judgment.
DISCUSSION
¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act permits a person sentenced by a Mississippi court to file a motion to assert that his parole was unlawfully revoked. Miss.Code Ann. § 99 — 39—5(l)(h) (Supp.2013). Accordingly, Lott is entitled to challenge the revocation of his parole.
¶ 6. Such a PCR motion may only be filed in the county where the person was convicted, however, and not where he is incarcerated. Miss.Code Ann. § 99-39-7 (Supp.2013) (“The motion ... shall be filed ... in the trial court....”); Randle v. Miss. Parole Bd., 123 So.3d 942, 942 (¶ 3) (Miss.Ct.App.2013); Nelson v. Bingham, 116 So.3d 172, 174 (¶ 6) (Miss.Ct.App.2013); Maston v. State, 768 So.2d 354, 355 (¶¶ 4-5) (Miss.Ct.App.2000). Only the Marion County Circuit Court, and not the Greene County Circuit Court, had jurisdiction to consider Lott’s PCR motion.
¶ 7. Furthermore, an exception to the statute, applicable here, provides that where a conviction has been appealed to the Mississippi Supreme Court and affirmed, the motion must be first presented to the supreme court for authorization to proceed in the trial court. Miss.Code Ann. § 99-39-7; Nelson, 116 So.3d at 174-75 (¶ 9). Because Lott’s conviction was affirmed on direct appeal, he was required to obtain permission from the supreme court to file his PCR motion. His failure to do so means that the circuit court lacked jurisdiction to consider his PCR motion, as do we. Accordingly, we dismiss Lott’s appeal for lack of jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.