# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01855-COA

KHRISTOFFER MANDELL HEARRON A/K/A KHRISTOFFER M. HEARRON A/K/A KHRISTOFFER HEARRON

APPELLANT

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2013 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KHRISTOFFER MANDELL HEARRON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AGAINST THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.    Khristoffer Mandell Hearron has been incarcerated with the Mississippi Department of Corrections (MDOC) for almost twenty years in various facilities.  In 2013, Hearron filed a motion for a temporary restraining order (TRO) against the MDOC.  His motion was dismissed.  Aggieved, Hearron filed the instant appeal.  Finding that Hearron has failed to exhaust his administrative remedies, we affirm the circuit court's dismissal.

## STATEMENT OF FACTS

¶2. In 1995, Hearron was convicted of possession of cocaine with intent to distribute and sentenced as a habitual offender to thirty years in the custody of the MDOC. Since his incarceration, Hearron has filed numerous claims with the MDOC's Administrative Remedy Program (ARP). ARP policy dictates that only ten claims or motions may sit pending at any one time.

¶3. In 2013, Hearron filed multiple motions with ARP, including a request for a TRO against MDOC. However, the motions were sent back to Hearron since he already had nine pending motions. Hearron was sent notice with the return of the motions that he may choose one motion with which he would like to proceed. Hearron failed to choose a motion to submit to ARP.

¶4. Nonetheless, Hearron filed a motion for a TRO against the MDOC and a motion to proceed in forma pauperis (IFP) in the Greene County Circuit Court. The circuit court dismissed Hearron's motion for a TRO for lack of jurisdiction and ordered him to exhaust his administrative remedies before proceeding further. His motion to proceed IFP was denied.

¶5. Hearron simultaneously filed a motion for a TRO against the MDOC and a motion to proceed IFP in the Jefferson County Circuit Court. That circuit court also dismissed his motion for a TRO for lack of jurisdiction and denied his motion to proceed IFP. Nonetheless, after filing numerous subsequent motions with the circuit court, Hearron was eventually granted leave to proceed IFP. Aggrieved, he appeals.

2

**DISCUSSION**

¶6. We have consistently held that "[a]n inmate must exhaust all of his internal remedies with the MDOC before seeking judicial review of any complaint." *Taylor v. Petrie*, 41 So. 3d 724, 727-28 (¶12) (Miss. Ct. App. 2010) (citation omitted). Indeed, when a petitioner challenges a decision or policy of the MDOC, he must exhaust all administrative remedies before appealing to this Court or we are without jurisdiction to consider the claims. *McKenzie v. State*, 66 So. 3d 1274, 1275 (¶2) (Miss. Ct. App. 2011) (citation omitted).

¶7. The record is void of any indication that Hearron has exhausted his administrative remedies. Hearron points to the fact that ARP has denied his request to file his motion for a TRO against the MDOC due to its policy allowing only ten claims at one time. However, Hearron fails to show that he has followed any ARP appellate procedure to contest the policy itself or petition ARP to allow his motion as an exception. Instead, it appears that upon ARP's denial of Hearron's motion for a TRO due to his other pending motions, Hearron immediately filed an appeal with the circuit court and then appealed the circuit court's judgment to this Court. When a "record contains no proof that [a petitioner] has exhausted his administrative remedies, we are without jurisdiction to consider claims of this nature." *Id.* (citation omitted). Hence, we must dismiss this case for lack of jurisdiction.

¶8. However, in an abundance of caution, we note that Mississippi Code Annotated section 11-11-3 (Rev. 2004) provides that a prisoner's challenge to an MDOC decision or policy must be made in the circuit court of the county where the prisoner resides. *See also Nelson v. Bingham*, 116 So. 3d 172, 174 (¶7) (Miss. Ct. App. 2013). The record and

3

Hearron's brief indicate that Hearron was housed at the Southern Mississippi Correctional Institute in Greene County, Mississippi, at the time he filed his appeal to the circuit court. Accordingly, the circuit court was also without jurisdiction to consider Hearron's claims since Hearron's motion was filed in an improper venue. Thus, the circuit court's dismissal of Hearron's motion was proper.

¶9. **THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.**