# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00597-COA

CHARLES MCLAURIN, JR. A/K/A CHARLES               APPELLANT
MCLAURINS, JR. A/K/A CHARLES MCLAURIN
A/K/A CHARLES MCLAUREN

v.

STATE OF MISSISSIPPI                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES MCLAURIN JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTIONS DISMISSED |
| DISPOSITION: | APPEAL DISMISSED FOR LACK OF JURISDICTION - 12/15/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., MAXWELL AND WILSON, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1. Charles McLaurin Jr. filed a flurry of motions after being sentenced to two concurrent four-years terms for his guilty pleas to two felony-shoplifting counts. Among them were his complaints about the Mississippi Department of Corrections' handling of his incarceration. But McLaurin's judicial challenge to MDOC's sentencing policy was untimely because he failed to seek judicial review within thirty days of exhausting his administrative remedies. So we lack jurisdiction to hear his appeal.

**Facts, Procedural History, and Discussion**

## I. Sentences

¶2. On July 15, 2013, McLaurin pled guilty in the Harrison County Circuit Court to two counts of felony shoplifting. He was sentenced to concurrent sentences of four years on count I and four years on count II, without parole, in MDOC's custody. At his request, the judge ordered both sentences to run concurrently to another sentence in Louisiana. He was also granted credit for time served. Afterwards, McLaurin filed various motions, requesting to be housed in Louisiana instead of Mississippi; seeking parole;[1] and asking to be awarded credit for time served in Louisiana.

## II. Motion to Serve Sentence in Louisiana

¶3. On September 27, 2013, McLaurin filed what he called a motion for reconsideration of his sentence. He asked the circuit judge to let him serve his sentence in Louisiana. But the circuit judge had no authority to do so. In denying the motion, the judge pointed out that "[b]y statute[,] MDOC calculates and computes sentences and determines where an inmate is to serve his or her sentence" and the "courts cannot sentence inmates to a particular institution or facility." *See* Miss. Code Ann. § 47-5-110(1) (Rev. 2015) ("Commitment to any institution or facility within the jurisdiction of the department shall be to the department, not to a particular institution or facility."). After this denial, more motions followed, with

---

[1] On September 9, 2014, McLaurin filed a petition for parole, which the circuit judge denied.

2

McLaurin at some point seeking relief through MDOC's Administrative Remedy Program.

### III. Relief Sought and Granted from MDOC's Administrative Remedy Program

#### A. First Step Response Form

¶4. In response to his administrative filing, on October 23, 2013, MDOC issued a "First Step Response Form." The response form stated: "Offender McLaurin, there's no way that your MS sentence can run concurrently to your East Baton Rouge Parish sentence because you were just sentenced in MS on 7-15-13. You have completed your sentence in LA. You cannot receive credit for that sentence in LA."

#### B. McLaurin's Response

¶5. On November 15, 2013, McLaurin filed his response to MDOC. He argued Mississippi had a detainer on him while he was incarcerated in Louisiana, and it was the Mississippi judge's "duty" to set his Mississippi sentence concurrent with his Louisiana sentence. He also sought credit for time served in Louisiana.

#### C. Second Step Response Form: MDOC's Final Decision

¶6. On April 2, 2014, MDOC issued a "Second Step Response Form." This response contained its *final* decision denying McLaurin's requests. The form read: "When you were sentenced on the MS sentence in July 2013, you had already completed the LA sentence. Although the order states for the MS sentence to run concurrently with the LA sentence[,] you have not completed the MS sentence yet. You have received credit for time served days from 5-8-2010 to 12-13-2010 and from 6-7-2013 to 7-15-2013 for 257 days."

¶7. The bottom of the response informed McLaurin he had "fulfilled the requirements of the Administrative Remedy Program and [was] eligible to seek judicial review within 30 days of receipt of the Second Step Response." *See* Miss. Code Ann. § 47-5-807 (Rev. 2015) ("Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt[2] of the agency's final decision, seek judicial review of the decision.").

¶8. But McLaurin failed to seek judicial review of MDOC's decision within the required thirty-day period. So we find the circuit court lacked jurisdiction to hear his untimely motion. *See Hill v. State*, 165 So. 3d 495, 496, 498 (¶2, 11) (Miss. Ct. App. 2015) (holding filing within the statutorily mandated time is jurisdictional and dismissing an offender's appeal for failing to file his motion for judicial review of MDOC's decision within thirty days).

¶9. What McLaurin instead did was wait nearly eight months before filing the first of two additional motions[3]—a motion to clarify his sentence and an objection to the judge's

---

[2] McLaurin signed and dated this form on April 2, 2014.

[3] On December 9, 2014, McLaurin filed what he titled a "Motion to Clarify Sentence." In it, he asked the Harrison County Circuit Judge to order MDOC to credit him the time he served in Louisiana and to set his Louisiana and Mississippi sentences to run concurrently. But the circuit judge responded that MDOC calculates and computes sentences. *See Campbell v. State*, 975 So. 2d 907, 908 (¶6) (Miss. Ct. App. 2008) (noting that the "computation of credit for time served is left to MDOC"). And he advised McLaurin an administrative review procedure was available if he wished to pursue a complaint against the State of Mississippi or MDOC. *See* Miss. Code Ann. § 47-5-803(1) (Rev. 2015). Unbeknownst to the judge, by this point, MDOC, in its April 2, 2014 decision, had already addressed these very issues. Afterwards, on January 26, 2015, McLaurin filed a motion in

4

dismissal of that motion. But not only were these motions challenging MDOC's decisions untimely, but they were also filed in Harrison County, where McLaurin was convicted and sentenced, not Sunflower County, where he was incarcerated. And "a prisoner's challenge to MDOC's decision or policy must be made in the circuit court of the county where the prisoner resides." *Hearron v. MDOC*, 166 So. 3d 53, 55 (¶8) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 11-11-3 (Rev. 2004)); *see also Nelson v. Bingham*, 116 So. 3d 172, 174 (¶7) (Miss. Ct. App. 2013) ("In cases where the prisoner challenges an MDOC decision, venue is appropriate where the prisoner resides."). Thus, venue was also improper.

¶10.    We dismiss for lack of jurisdiction.

¶11.    **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**

---

the Harrison County Circuit Court, objecting to the judge's dismissal of his motion to clarify his sentence. The circuit judge emphasized McLaurin had "repeatedly asked to be returned to serve his time in Louisiana." And there was "nothing new in this motion which cause[d] the [c]ourt to question its previous ruling." The judge reiterated that the "MDOC calculates and computes sentences and determines where an inmate is to serve his or her sentence" and that the "courts cannot sentence inmates to a particular institution or facility." He thus dismissed McLaurin's motion.