# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00852-COA

NATALIO VITERVO VASQUES A/K/A                           APPELLANT
NATALIO V. VASQUEZ A/K/A NATALIO
VITERVO

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:              06/28/2024
TRIAL JUDGE:                   HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:     FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        NATALIO VITERVO VASQUES (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ABBIE EASON KOONCE
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 01/06/2026
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Natalio Vitervo Vasques pled guilty in the Forrest County Circuit Court to sexual

battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2014) and

was sentenced to forty years in the custody of the Mississippi Department of Corrections

(MDOC), with twenty-five years to serve and fifteen years suspended.  While incarcerated

at the Jefferson County Correctional Facility, Vasques challenged his parole-eligibility date

through the Administrative Remedy Program (ARP) with the MDOC.  He contended that he

was eligible for early release after serving fifty percent of his sentence pursuant to

Mississippi Code Annotated section 97-3-2(2) (Rev. 2014).  After exhausting the ARP

process, Vasques filed a request with the Mississippi Supreme Court for leave to proceed with an appeal of MDOC's decision. The Mississippi Supreme Court dismissed Vasques's request, indicating that he could file a motion for post-conviction collateral relief (PCR) as an original action in the trial court.

¶2. Vasques filed a PCR motion in the Forrest County Circuit Court pursuant to Mississippi Code Annotated section 99-39-5 (Rev. 2020). Approximately two months later, Vasques also filed a motion for change of venue, requesting the court transfer his claim to Jefferson County because he was seeking a judicial review of MDOC's decision on his ARP grievance. The Forrest County Circuit Court summarily dismissed Vasques's PCR motion as time-barred and dismissed his motion for change of venue as moot. Vasques appeals and argues that the Forrest County Circuit Court erred in dismissing his PCR motion and in failing to transfer his case to the Jefferson County Circuit Court, which he contended was the proper venue for judicial review of his ARP grievance. Having considered the record, the arguments of the parties, and relevant precedent, we affirm the judgment of the Forrest County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 14, 2017, a Forrest County grand jury indicted Vasques for touching a child for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) (Supp. 2015) (Count I) and sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Count II).

2

¶4. On August 18, 2017, Vasques pled guilty to the sexual battery charged in Count II.[1] The circuit court sentenced Vasques to forty years in the custody of MDOC, with twenty-five years to serve and fifteen years suspended on the condition he agree to be immediately deported from the United States of America due to his illegal citizenship status. As part of the plea bargain, the State passed Count I to the inactive files.

### The Administrative Remedy Program (ARP)

¶5. On October 25, 2022, Vasques initiated a grievance within MDOC through the ARP, claiming that MDOC had miscalculated his release date, setting it for June 14, 2041, instead of December 11, 2028. Vasques contended that his crime of violence (sexual battery) did not totally eliminate his eligibility for parole and that under section 97-3-2(2) he was eligible for parole after serving fifty percent of his sentence.[2] Interchanging the terms "early release"

---

[1] Mississippi Code Annotated Section 97-3-95(1)(d) provides:

A person is guilty of sexual battery if he or she engages in sexual penetration with:
. . . .
    (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

[2] Mississippi Code Annotated Section 97-3-2(2) provides:

(2) In any felony offense with a maximum sentence of no less than five (5) years, upon conviction, the judge may find and place in the sentencing order, on the record in open court, that the offense, while not listed in subsection (1) of this section, shall be classified as a crime of violence if the facts show that the defendant used physical force, or made a credible attempt or threat of physical force against another person as part of the criminal act. *No person convicted of a crime of violence listed in this section is eligible for parole or for early release from the custody of the Department of Corrections until the*

and "parole eligibility," Vasques concluded he had to serve only twelve and one-half years of his twenty-five-year sentence.

¶6.     On January 5, 2023, MDOC acknowledged receipt of Vasques's complaint and responded on February 6, 2023, that "[t]he offense 'Sexual Battery' is a violent crime and is not eligible for any reduction and must be served day for day."

¶7.     On March 6, 2023, Vasques appealed the decision to the second step of the ARP process.  Vasques stated this ground for appeal:

> HB 585 and Section 97-3-2(2) allows the trial court to desinate [sic] my sexual battery offense as a crime of violence.  When that occurs, then the person convicted is eligible for early release if they have served at least fifty percent of the sentence imposed.  Section 97-3-2(2).  Meaning that, the Complaint [sic] is allow to serve only 12 ½ years of his 25-year sentence, with a falling discharge date on December 11, 2028.

¶8.     On April 14, 2023, MDOC responded to Vasques's second-step appeal and stated:

> Sex crime [sic] are not eligible for any type of reduction in sentence if committed after 7/1/1995.  Your release date is correct.

¶9.     On June 8, 2023, Vasques signed and dated the final form, acknowledging that he had completed all the steps required under MDOC's ARP.  Specifically, the form included the following language: "The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of

---

*person has served at least fifty percent (50%) of the sentence imposed by the court.*

(Emphasis added).

4

receipt of the Second Step Response." Thus, Vasques was eligible to seek judicial review within thirty days of receiving the second step response.

## The Mississippi Supreme Court Application

¶10. On July 3, 2023, Vasques filed an "Application for Leave to Proceed in the Trial Court" with the Mississippi Supreme Court. Vasques was seeking judicial review of MDOC's denial of his ARP grievance and attached all the ARP grievances and responses to his application.

¶11. On July 28, 2023, the Mississippi Supreme Court issued an order dismissing Vasques's application, stating, "Petitions for post-conviction collateral relief shall be filed as an original action in the trial court. . . ." *See* Miss. Code Ann. § 99-39-7 (Rev. 2020). Thus, Vasques proceeded to file a PCR motion in the Forrest County Circuit Court.[3]

## The Forrest County Circuit Court Filing

¶12. Following the Supreme Court's instructions, on September 11, 2023, Vasques filed a PCR motion in the Forrest County Circuit Court, contending that his tentative discharge date of June 14, 2041, was incorrect. He argued to the circuit court that under section 97-3-2(2), he was eligible for early release after serving at least fifty percent of his sentence.[4] He attached his ARP grievance and MDOC's responses.

¶13. On December 14, 2023, Vasques filed a motion for change of venue, arguing that the

---

[3] Vasques was not complaining about any actions that occurred in the circuit court, only MDOC's actions in denying his ARP request.

[4] Vasques interchangeably used the terms "parole eligibility" and "early release."

judicial review of his ARP complaint should be decided by the circuit court in Jefferson County, where he was housed.[5]  In his motion for change of venue, he stated:

> 8.  Petitioner states that, since his Post Conviction Relief in trial court is still pending and no ruling has not yet been made as of the date of this motion, he would like for his case to be remove [sic] from this court and *transfer it to Jefferson County, Mississippi Circuit Court for Judicial Review*.

(Emphasis added).

¶14.    When the Forrest County Circuit Court failed to take any action on either his PCR motion or his motion for change of venue, Vasques filed a petition for a writ of mandamus with the Mississippi Supreme Court on June 12, 2024, requesting that the circuit court be compelled to rule on his motions.  In his petition, Vasques recounted the steps he had undertaken in the ARP process and indicated that his pleading in Forrest County was not intended to be a PCR motion but, rather, a petition for judicial review of the denial of his administrative complaint.  Vasques requested that the supreme court order the Forrest County Circuit Court to grant his motion for change of venue and transfer his case to the Jefferson County Circuit Court.

¶15.    On June 18, 2024, the supreme court forwarded a copy of Vasques's petition to the Forrest County Circuit Court and ordered it to respond within fourteen days.

¶16.    Apparently spurred by the supreme court's order, on June 28, 2024, the Forrest County

---

[5] Vasques noted in his brief to this Court, "Under this type of argument through the ARP system, trial court should have or reason should have known that, Appellant['s] case is in the wrong court, where Appellant accidental filed his case into [sic] trial court."

Circuit Court found Vasques's PCR motion time-barred and summarily dismissed it pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2020).[6] In a separate order, the court also dismissed the motion for change of venue, finding it moot. The court filed a copy of the order dismissing the motion for change of venue in the Supreme Court mandamus action.

¶17. Seeing that the circuit court had ruled on Vasques's motion, on July 1, 2024, the Mississippi Supreme Court dismissed the petition for a writ of mandamus as moot.

¶18. On July 19, 2024, Vasques filed a notice of appeal from the Forrest County Circuit Court's orders dismissing the PCR motion and the motion for change of venue.

**STANDARD OF REVIEW**

¶19. "[T]his Court applies the de novo standard of review when deciding issues of law." *Boyett v. Cain*, 397 So. 3d 481, 483 (¶5) (Miss. 2024) (quoting *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1000 (¶11) (Miss. 2004)). When reviewing an appeal from an administrative agency, "the standard of review applied by this Court is identical to that of the circuit court." *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 592 (¶16) (Miss. Ct. App. 2017) (quoting *Siggers v. Epps*, 962 So. 2d 78, 80 (¶16) (Miss. Ct. App. 2007)). Unless the decision of the

---

[6] Mississippi Code Annotated section 99-39-11(2) provides:

(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.

administrative agency "was unsupported by substantial evidence, . . . arbitrary or capricious, . . . beyond the agency's scope or powers[,] or violated the constitutional or statutory rights of the aggrieved party," this Court will not disturb that agency's decision. *Id.* "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Havercome v. State*, 387 So. 3d 1014, 1017 (¶7) (Miss. Ct. App. 2023).

## DISCUSSION

### I. PCR Analysis

¶20. Pursuant to Mississippi Code Annotated section 99-39-5(2), a PCR motion must be filed within three years of the judgment of conviction after an inmate's guilty plea. Under section 99-39-5(2)(a)-(b), the PCR statute lists the limited exceptions where an otherwise untimely PCR motion may proceed. These exceptions apply when the petitioner can demonstrate any of the following:

> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

> (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have

8

been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2)(a)-(b). In addition, the PCR motion must be filed in the county of an inmate's conviction. *Lott v. State*, 135 So. 3d 229, 230 (¶6) (Miss. Ct. App. 2014) (holding that a PCR motion may be filed only in the county where the person was convicted, not where he is incarcerated). If an inmate has filed a direct appeal of his conviction, he must seek permission from the Supreme Court to file a PCR motion. *See* Miss. Code Ann. § 99-39-5(2); *see also Bounds v. State*, 159 So. 3d 1198, 1199 (¶4) (Miss. Ct. App. 2015) ("When a movant fails to obtain the requisite permission from the supreme court, all other courts lack the jurisdiction necessary to review the movant's PCR motion.").

¶21.    In this case, Vasques was convicted in Forrest County, so the Forrest County Circuit Court would have had jurisdiction over a PCR motion he might file. However, none of the exceptions under section 99-39-5(2)(a)-(b) applied, and because Vasques pled guilty in 2018, his 2023 PCR motion was statutorily time-barred. *See Hall v. State*, 370 So. 3d 214, 216 (¶4) (Miss. Ct. App. 2023) ("As we have previously held in another PCR case, a petitioner must prove an exception applies."). If Vasques's filing was a PCR motion, then the Forrest County Circuit Court was correct in finding his claim time-barred.

II.    ARP Analysis

9

¶22. Still, although the motion was styled as one seeking PCR, the substance of the filing reflects that the pro se litigant was clearly seeking judicial review of an ARP decision. First, Vasques exhausted the MDOC's administrative remedies process. Then, within thirty days, he filed an application with the supreme court for leave to seek judicial review.[7] It is clear that at this critical step, Vasques misunderstood the process, which is not unusual for a pro se litigant.[8] Additional confusion arose in the pro se litigant's procedural course when, despite submitting all his ARP documentation with his filing, the supreme court instructed Vasques to seek relief by filing a PCR motion in the trial court. Acting on that instruction, Vasques filed what he styled as a PCR motion in the Forrest County Circuit Court.

¶23. Because of the different titles *pro se* inmates give to their pleadings, often courts are left to determine what the action truly is. For example, in *McFarland v. State*, 373 So. 3d 745, 750 (¶13) (Miss. Ct. App. 2023), McFarland filed a "Petition to Correct Parole Eligibility," which the circuit court determined was in essence a motion to modify his sentence and dismissed for lack of jurisdiction. On appeal, we reversed the circuit court's

---

[7] Mississippi Code Annotated section 47-5-807 (Rev. 2023) provides:

Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

[8] We recognize that Vasques did not need to seek permission from the supreme court to file an ARP appeal (or a PCR motion) in the circuit court. Although Vasques proceeded to the incorrect court—the Mississippi Supreme Court—and requested permission he did not need, we note that he timely sought appellate review after completing each step in the administrative-remedy process and within thirty days of receiving MDOC's ARP decision.

ruling and held that McFarland's petition was not a motion to modify his sentence but, instead, an original action concerning his eligibility for parole, which the court had jurisdiction to consider. *Id*. at 752 (¶19). In *Keys v. State*, 67 So. 3d 758, 759 (¶4) (Miss. 2011), Keys filed a "Motion to Mandate Parole Eligibility," which the circuit court and the Mississippi Supreme Court held was a PCR motion. *Id*. at 759-60 (¶¶4,7).

¶24.    Another example relevant to this case is one where the inmate exhausted his administrative remedies with MDOC and filed a "Motion for Post-Conviction Collateral Relief," "seek[ing] judicial review" of his ARP decision. *Knight v. State*, 378 So. 3d 416, 418 (¶3) (Miss. Ct. App. 2023). The Sharkey County Circuit Court denied the motion, treating it as one seeking PCR. *Id*. at (¶4). However, on appeal, this Court held that the filing was a request for judicial review of an ARP decision and not a PCR motion. *Id*. at 419 (¶¶6-7). We noted that Knight explicitly argued that he was "aggrieved by the adverse decision rendered pursuant to the administrative review procedure, and that he sought judicial review of said decision in accordance to [Mississippi Code Annotated section] 47-5-807." *Id*. at (¶6).[9]

¶25.    In the instant case, although Vasques titled his filing as one seeking a PCR, from its substance and content, the filing shows he was clearly seeking judicial review of MDOC's

---

[9] *Knight* also held that the proper county for filing a petition for judicial review of an ARP ruling was the county of the prisoner's residence. *Id*. This holding was overruled in *Boyett v. Cain*, 397 So. 3d 481, 483-84 (¶6) (Miss. 2024). However, *Boyett* did not overrule *Knight*'s direction to examine the nature of the pleading.

ARP decision. The motion expressly referred to MDOC's ARP decision in response to Vasques's parole-eligibility claims. Further, Vasques attached all the ARP documentation, including MDOC's replies. Moreover, approximately three months after filing the motion, Vasques moved for a change of venue, seeking to transfer the ARP matter to the Jefferson County Circuit Court, believing this was the correct venue in which to file. In his motion to transfer, he expressly stated that he had *intended to seek judicial review of the MDOC's decision in his ARP*. Vasques further clarified his intent for judicial review when he filed the petition for writ of mandamus in the supreme court, which the Forrest County Circuit Court received prior to ruling.

¶26. Therefore, Vasques's pro se filing, although incorrectly styled as a PCR motion, was in fact a petition for judicial review of the ARP decision.

### III. Jurisdiction and Venue of a Petition for Judicial Review of an ARP Decision

¶27. Because Vasques's motion was a request for judicial review of an ARP decision, we must now address the circuit court's jurisdiction to consider the appeal and decide the proper venue for the matter.

¶28. Prior to the Mississippi Supreme Court's December 2024 decision in *Boyett v. Cain*, 397 So. 3d 481 (Miss. 2024), which clarified the venue for filing an ARP appeal, the caselaw on these points was inconsistent and conflated venue with jurisdiction. Prior cases interpreted section 11-11-3(1)(a)(i), the general venue statute, as requiring venue for an ARP

12

appeal to be filed "where the prisoner resides" instead of "where the defendant resides."[10]

*Id*. at 484 (¶10).  In most instances, the defendant in an ARP judicial review case will be an agency such as the Mississippi Department of Corrections.  The prisoner filing the ARP appeal, by contrast, is not the defendant, but the plaintiff.  Cases also equated improper venue with a lack of jurisdiction.  These included *Nelson v. Bingham*, 116 So. 3d 172 (Miss. Ct. App. 2013);[11] *Hearron v. Mississippi Department of Corrections*, 166 So. 3d 53 (Miss. Ct. App. 2015);[12] *Roberts v. Mississippi Department of Corrections*, 219 So. 3d 588 (Miss. Ct. App. 2017);[13] *Jobe v. State*, 288 So. 3d 403 (Miss. Ct. App. 2019);[14] *McManus v. State*, 310

---

[10]  Mississippi Code Annotated section 11-11-3(1)(a)(i) (Rev. 2019) provides:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

[11]  In *Nelson*, we held that section 11-11-3 was the governing venue statute for a prisoner's challenge to an MDOC decision, but we stated venue was appropriate where the "prisoner resides."  We stated that Nelson's "appeal lacked the requisite *jurisdiction* due to his filing in an improper venue."  *Nelson*, 116 So. 3d at 174 (¶7).

[12]  In *Hearron*, we cited section 11-11-3 as the governing statute and stated that venue was appropriate "where a prisoner resides."  Further, we held that this improper venue removed the court's jurisdiction.  *Hearron*, 166 So. 3d at 55 (¶8)*.*

[13]  In *Roberts*, we held that the proper location for an ARP appeal is the circuit court of the county where the prisoner resides.  It also considered section 11-11-3 as a statute determining jurisdiction, *id.* at 590 (¶7) & n.4, when the statute only provides for venue when jurisdiction has been otherwise established.  *Roberts*, 219 So. 3d at 591 (¶9).

[14]  In *Jobe*, 288 So. 3d at 409 (¶22) & n.2, we relied on *Roberts* and stated that "any ARP appeal should have been filed in [the] county where [the inmate] was housed."  Any

So. 3d 332 (Miss. Ct. App. 2021);[15] and *Knight v. State*, 378 So. 3d 416 (Miss. Ct. App. 2023).[16] This list of cases is illustrative, though not exhaustive.[17]

¶29. *Boyett* has now clarified the proper venue for an ARP judicial review, as well as when jurisdiction arises. In *Boyett*, an inmate was incarcerated in Marshall County. *Boyett*, 397 So. 3d at 484 (¶3). Boyett submitted a request through MDOC's ARP, "seeking (1) to have his consecutive sentences commuted under Mississippi Code Annotated section 47-5-139(2) (Rev. 2015) and (2) to be declared eligible for parole under Mississippi Code Annotated section 47-7-3 (Supp. 2021) because he had already served twenty years in MDOC's custody." *Id*. Alleging that MDOC had failed to respond, Boyett filed a "Motion for Judicial Review" with the Hinds County Circuit Court. *Id*. The Hinds County Circuit Court dismissed the ARP appeal for lack of jurisdiction, reasoning that a prisoner's challenge to an MDOC decision should be filed in "the circuit court where the prisoner resides." *Id*. This Court affirmed. *Id*. On writ of certiorari, the Mississippi Supreme Court found that the

_____

other county would not have jurisdiction. *Id.*

[15] In *McManus*, 310 So. 3d at 333 (¶1), we held that under section 11-11-3, the ARP must be made in the county where the prisoner resides and stated, "[b]ecause the motion was one for judicial review of an MDOC decision, which is to be filed in the county where the prisoner is incarcerated, we find that the circuit court did not have jurisdiction to consider McManus's motion."

[16] In *Knight*, 378 So. 3d at 419 (¶7), we held that the defendant should have sought judicial review of his ARP denial in Yazoo County, where he was incarcerated, and not in Sharkey County where he was convicted.

[17] *See also Carroll v. State*, 371 So. 3d 196, 199 (¶8) (Miss. Ct. App. 2023); *McLaurin v. State*, 181 So. 3d 1029, 1032 (¶¶9-10) (Miss. Ct. App. 2015).

14

defendants named in Boyett's complaint, i.e., Burl Cain, the commissioner of the MDOC, and other MDOC officials, "are located in the City of Jackson, which is situated in the First Judicial District of Hinds County." *Id*. at 484 (¶9). Accordingly, venue for the judicial review of Boyett's ARP was proper in the Circuit Court of Hinds County in the First Judicial District. *Id*. at (¶11). The Mississippi Supreme Court further held that venue may be proper in the county where a prisoner resides if a substantial act or event that caused the alleged injury occurred in the same county. *Id*. at (¶10) (citing § 11-11-3). Finally, the Court clarified that the reason the circuit court lacked jurisdiction was because Boyett failed to exhaust his administrative remedies. *Id*. at (¶11).

¶30. Thus, in *Boyett*, the Mississippi Supreme Court clarified that when a prisoner challenges an MDOC decision through the ARP process, venue for judicial review is controlled by section 11-11-3, and the proper venue is in a county in which a defendant in the ARP action resides or in a county where a substantial act or event caused the alleged injury, which may or may not be where the prisoner resides. *Id.* at (¶12). The Court noted that section 11-11-3 applies because the ARP statutes "do not contain a venue provision." *Id*. at (¶7) (quoting *Putnam v. Epps*, 63 So. 3d 547, 551-52 (Miss. 2011) (citing Miss. Code Ann. §§ 47-5-801, -807 (Rev. 2004)). Jurisdiction, however, depends on whether the prisoner has exhausted his administrative remedies, not residence. *Id*. at (¶11).

¶31. For example, if a prisoner's ARP grievance dealt with an injury he suffered at the jail where he was housed, then a substantial act occurred in that county, and venue of the ARP

15

appeal may be proper in that county. If a prisoner is complaining of actions by a state agency, such as MDOC, for failure to correctly calculate his release date or parole eligibility, then venue would be proper in the county where the defendant state agency (MDOC) resides. It is critical for courts to make this determination with respect to venue, and we reiterate that venue is not equivalent to jurisdiction.

¶32. In the case at hand, a circuit court had jurisdiction to review Vasques's ARP appeal because he had exhausted his administrative remedies with MDOC. He had completed each internal step, and within thirty days of the MDOC's final decision, he sought judicial review (albeit by filing with the supreme court instead of a circuit court).[18] Thus, the circuit court in the county where the defendant in the ARP action resides would have jurisdiction to review the matter. When Vasques clarified that his filing was the appeal of an ARP decision and timely sought a change of venue, even under the law as it stood before *Boyett*, a transfer of venue was procedurally required. Under *Boyett*, the proper venue would be the Circuit Court of Hinds County because that is where the Mississippi Department of Corrections,

---

[18] Vasques then relied on guidance from the supreme court, which directed him to file a PCR motion. He incorrectly filed his pleading titled as a PCR motion in the Circuit Court of Forrest County, the county of his conviction. However, approximately three months later, prior to the Forrest County Circuit Court issuing a judgment, Vasques filed a motion for change of venue, requesting that the Forrest County Circuit Court transfer his *petition for judicial review* to the Jefferson County Circuit Court and not dismiss it, relying on *Taylor v. Mississippi Board of Nursing*, 863 So. 2d 1015 (Miss. Ct. App. 2004); *Baptist Memorial Hospital-Desoto Inc. v. Bailey*, 919 So. 2d 1 (Miss. 2005); and *Underwood v. McRae's*, 811 So. 2d 400 (Miss. Ct. App. 2001). As stated above, as a PCR motion, Forrest County would have been the proper venue, but not for the ARP appeal.

which denied his parole eligibility, is located. Accordingly, the Forrest County Circuit Court erred in not transferring Vasques's ARP judicial review case to the Hinds County Circuit Court.

IV. **Harmless Error**

¶33. Although the Forrest County Circuit Court should have treated Vasques's pleading as an appeal of an ARP decision and transferred the case to the circuit court with proper venue, any error in not doing so was harmless because Vasques's substantive claim that he was eligible for parole has no merit. In its final ARP decision, MDOC stated that Vasques is not "eligible for any type of reduction in sentence" because he was convicted of a "sex crime." *MDOC's decision is clearly correct.* A person convicted of sexual battery is not eligible for parole, *see* Miss. Code Ann. § 47-7-3(1)(b) (Supp. 2024); trusty time, *see* Miss. Code Ann. § 47-5-138.1(2)(c) (Rev. 2023); earned time (i.e., "good time"), *see* Miss. Code Ann. § 47-5-139(1)(d) (Rev. 2023); or meritorious earned time, *see Roberson v. Fisher*, 303 So. 3d 788, 792 (¶¶17-19) (Miss. Ct. App. 2020) (holding that an inmate convicted of a sex crime is not eligible for meritorious earned time), *cert. denied*, 303 So. 3d 420 (Miss. 2020); *Givens v. Miss. Dep't of Corr.*, 291 So. 3d 375, 376 (¶¶3-5) (Miss. Ct. App. 2019) (same). In this case, Vasques was convicted of sexual battery, which under Mississippi Code Annotated section 97-3-2(1)(k) is classified as a crime of violence. Under Mississippi Code Annotated section 45-33-23(h)(iv) (Rev. 2023), it is also considered a sex offense. Mississippi Code Annotated section 47-7-3(1)(b) specifically provides that "[a]ny person

17

who has been sentenced for a sex offense as defined in section 45-33-23(h) shall not be released on parole." Thus, Vasques's crime does not fall under section 97-3-2(2) as he claims, which does allow parole eligibility after an inmate has served fifty percent of his time. Rather, under section 47-7-3(1)(b), Vasques is not eligible for parole at all. Therefore, Vasques's claim would fail as a matter of law, and to remand and order the transfer of Vasques's case would be futile and judicially inefficient. *See State v. Stafford*, 237 So. 3d 1280, 1285 (¶21) (Miss. Ct. App. 2018) ("remanding to the circuit court for further review would serve no purpose and would be judicially inefficient[] since Stafford's claim has no realistic chance of success"). As such, any error by the Forrest County Circuit Court was harmless.

## CONCLUSION

¶34. Because Vasques's motion he titled as one for PCR was in fact a petition for judicial review of MDOC's final decision of Vasques's ARP grievance, the Forrest County Circuit Court was not the proper venue under *Boyett v. Cain*, and the court should have transferred his case to the Hinds County Circuit Court. Nonetheless, any error in failing to transfer the case is harmless because Vasques's claim that he was eligible for parole has no merit.

¶35. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., AND WEDDLE, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

18