768 So.2d 354 (2000)
Clarence E. MASTON a/k/a Clarence Edward Maston, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01764-COA.
Court of Appeals of Mississippi.
October 3, 2000.
*355 Clarence E. Maston, Appellant, pro se.
Office of the Attorney General by John R. Henry Jr., Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Clarence Maston was convicted of rape in the Circuit Court of Harrison County. While free on an appeal bond after the conviction, Maston was arrested, tried, and sentenced on a drug charge by federal authorities. As his release date from federal confinement was nearing, the State of Mississippi exercised its right to obtain custody of Maston's person in order to enforce the judgment of sentence on the Harrison County conviction. (Apparently Maston's appeal from the rape conviction was never prosecuted to effect although Maston had been released on an appeal bond shortly after his conviction.)
¶ 2. Maston, incarcerated in the South Mississippi Correctional Institute in Leakesville, filed a "Petition for Writ of Habeas Corpus" in the Circuit Court of Greene County alleging that he was being wrongfully detained in that county. Maston alleged that the State effectively commuted his sentence by permitting the federal government to prosecute and imprison him at a time when the State had constructive custody of his person by virtue of his rape conviction. Alternatively, he argued that, by law, he was entitled to have his State sentence run concurrently with the federal term of imprisonment.
¶ 3. The circuit judge dismissed the petition for lack of jurisdiction, indicating that, despite the style of Maston's pleading, his claims were cognizable under the State's post-conviction relief statute. The court held that the circuit court of the county in which Maston was convicted had jurisdiction to entertain his petition for relief.
¶ 4. Section 99-39-7 of the Mississippi Code provides that a motion for post-conviction relief "shall be filed as an original civil action in the trial court...." Miss. Code Ann. § 99-39-7 (Rev.1994). Maston's claims plainly fall under the post-conviction relief statute since they involve a claim that "his sentence has expired ... or he is otherwise unlawfully held in custody...." Miss.Code Ann. § 99-39-5(1)(g) (Supp.1999). The character of the proceeding cannot be unilaterally changed by Maston simply by the name he chooses to attach to his pleading.
¶ 5. The Circuit Court of Greene County did not acquire jurisdiction of Maston's claims by virtue of the fact that he was, at the time of filing, incarcerated in the county. Rather, jurisdiction to determine Maston's claims arising under the post-conviction relief statute continued to lie in Harrison County. The trial court was correct in dismissing Maston's pleadings for lack of jurisdiction, and we, therefore, affirm the decision of that court.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.