ROBERTS, J.,
for the Court:
¶ 1. Arthur L. Stevenson filed a motion for post-conviction relief (PCR) and claimed the Mississippi Parole Board (MPB) improperly revoked his parole. The Rankin County Circuit Court dismissed Stevenson’s PCR motion because he filed it in the wrong circuit court, and he did not obtain the Mississippi Supreme Court’s leave before he filed it. Stevenson claims the circuit court erred. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. While Stevenson was a trusty at the Warren County Jail, he killed a seventy-two-year-old jailer by stabbing him twenty-seven times. Stevenson v. State, 733 So.2d 177, 179 (¶ 4) (Miss.1998). A jury sitting before the Warren County Circuit Court found Stevenson guilty of capital murder. Id. at (¶¶ 1-2). The circuit court sentenced Stevenson to life in the custody of the Mississippi Department of Corrections (MDOC). Id. at (¶ 2). Stevenson filed a direct appeal, but the supreme court affirmed the Warren County Circuit Court’s judgment. Id. at (¶ 3).
¶ 3. In April 2010, Stevenson applied “for interstate compact transfer” of his parole supervision to Florida. Documentation from the MDOC indicates that Stevenson was released on conditional parole during June 2010.[1] After being released, Stevenson moved to Pensacola, Florida, where he was supervised by the Florida Parole Commission (FPC).
¶ 4. In August 2011, Stevenson’s live-in girlfriend called the Pensacola Police De *469 partment and reported an altercation between her and Stevenson. According to the responding officer’s police report, Stevenson had been drinking, and he “snapped” when he thought that his girlfriend was going to leave him. The responding officer relayed Stevenson’s girlfriend’s statement that Stevenson had thrown a phone at her, pushed her onto a bed, and threatened her with a butcher’s knife. Stevenson also told his girlfriend that he would “cut her head off and then cut his own head off’ if she ever left him. Stevenson was transported to a hospital, and his girlfriend went to stay with her mother for the night.
¶ 5. Stevenson’s Florida parole officer claimed that Stevenson had violated the terms of his parole. Stevenson later received notice that he would receive a preliminary hearing to determine whether he had violated the terms of his parole. Specifically, Stevenson was accused of violating the terms of his parole by drinking alcohol, threatening to harm his girlfriend, and possessing a knife. Stevenson was later transported to Mississippi for his parole-revocation hearing. In October 2011, the MPB conducted a parole-revocation hearing and subsequently revoked Stevenson’s parole.
¶ 6. In January 2012, Stevenson filed a document styled as a “petition for a writ of habeas corpus and/or motion to show or produce evidence of violation.” Although Stevenson’s underlying conviction had been in the Warren County Circuit Court, Stevenson filed his petition in the Rankin County Circuit Court. Additionally, Stevenson did not obtain the supreme court’s leave to file his petition.
¶ 7. In any event, Stevenson argued that there was insufficient evidence that he had violated the terms of his parole. Stevenson also claimed that his Florida parole officer did not have probable cause to arrest him. According to Stevenson, his Florida parole officer had manipulated Stevenson’s girlfriend to file a false report. Stevenson attached an unsworn affidavit from his girlfriend. In the unsworn statement, Stevenson’s girlfriend purportedly claimed that Stevenson had not threatened to cut off her head. She admitted that she told authorities that he had threatened to do so, but she claimed that she had fabricated that aspect of her report to encourage a faster response from authorities because she was afraid that Stevenson was going to harm himself. Stevenson’s girlfriend also claimed that Stevenson’s Florida parole officer had induced her to file a police report by characterizing Stevenson as an extremely dangerous person and showing her pictures of the jailer whom Stevenson had killed. However, Stevenson’s girlfriend did not contradict her earlier report that because she was afraid of Stevenson, she had gone to stay with her mother.
¶ 8. The circuit court held that because Stevenson had been convicted in the Warren County Circuit Court, Stevenson should have filed his PCR motion there. Additionally, the circuit court noted that the supreme court had affirmed Stevenson’s conviction and sentence on direct appeal, so Stevenson was obligated to obtain the supreme court’s leave before filing his PCR motion. Stevenson had failed to obtain the supreme court’s leave to file his PCR motion. Because Stevenson had filed his PCR motion in the wrong circuit court, and Stevenson had failed to obtain the supreme court’s leave before he filed his PCR motion, the circuit court dismissed his PCR motion. Stevenson appeals.
STANDARD OF REVIEW
¶ 9. “This Court will not disturb a trial court’s dismissal of a [PCR motion] unless the [circuit] court’s decision was *470 clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 (¶ 4) (Miss.Ct.App.2010). A circuit court “may summarily dismiss a PCR motion where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (quoting Miss.Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. Id.
ANALYSIS
¶ 10. Stevenson argues that the circuit court erred when it dismissed his PCR motion. Stevenson reiterates his claim that the MPB improperly revoked his parole. Stevenson’s argument is primarily based on the concept that the MPB relied on false information. However, we do not reach the merits of Stevenson’s PCR motion.
¶ 11. Stevenson filed a “petition for a writ of habeas corpus and/or motion to show or produce evidence of violation.” Within that document, he claimed his parole had been unlawfully revoked. Mississippi Code Annotated section 99-39-5(l)(h) (Supp.2012) provides that “[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, ... may file a motion to vacate, set aside or correct the judgment or sentence ... if the person claims ... [t]hat his ... parole or conditional release [has been] unlawfully revoked.... ” Accordingly, Stevenson’s petition was effectively a PCR motion.
¶ 12. Mississippi Code Annotated section 99-39-7 (Supp.2012) provides that a prisoner whose conviction and sentence have been affirmed on direct appeal must obtain the supreme court’s leave before filing a PCR motion. The supreme court affirmed Stevenson’s conviction on direct appeal. Stevenson, 733 So.2d at 179 (¶ 3). Stevenson did not obtain the supreme court’s leave before he filed his PCR motion. Consequently, the circuit court did not have jurisdiction to consider Stevenson’s PCR motion.
¶ 13. Section 99-39-7 also provides that a prisoner must file his PCR motion in the trial court where the prisoner was convicted. Stevenson was convicted in the Warren County Circuit Court, but he filed his PCR motion in the Rankin County Circuit Court. Accordingly, Stevenson filed his PCR motion in the wrong jurisdiction. It appears that Stevenson filed his PCR motion in Rankin County because he is incarcerated there. But the Rankin County Circuit Court did not acquire jurisdiction over Stevenson’s PCR motion by virtue of the fact that Stevenson is incarcerated in Rankin County. See Maston v. State, 768 So.2d 354, 355 (¶ 5) (Miss.Ct.App.2000).
¶ 14. To reiterate, the circuit court had no jurisdiction' over Stevenson’s PCR motion because (1) Stevenson did not obtain the supreme court’s leave before he filed his PCR motion, and (2) Stevenson filed his PCR motion in the wrong circuit court. The circuit court was imminently correct when it summarily dismissed Stevenson’s PCR motion. It follows that we affirm the circuit court’s judgment.
¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
. LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. IRVING, *471 P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Because Stevenson committed the crime that led to his life sentence prior to the 1995 amendments to Mississippi Code Annotated section 47-7~3(l)(h), Stevenson was eligible to be considered for parole after he served ten years of his life sentence. See Miss. Code Ann. § 47-7-3(1) (Rev. 1994) (providing that a prisoner who has been "sentenced for the term of the natural life of such prisoner” is not eligible for parole until he "has served not less than ten (10) years of such life sentence.”)