CARLTON, J.,
for the Court:
¶ 1. Rubin Weeks appeals the Hinds County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Weeks argues that Mississippi wrongfully extradited him to Missouri, and because of this error, he has served his Mississippi sentence while serving time in Missouri for his Missouri offenses. After reviewing the record, we dismiss this appeal for lack of jurisdiction.
FACTS
¶ 2. Weeks was convicted of burglary and sentenced by the Scott County Circuit Court to four years in the custody of the Mississippi Department of Corrections (MDOC).[1] On June 7, 1990, the Mississippi Parole Board granted Weeks conditional parole.
*729 ¶ 3. Then, in September 1991, the MDOC issued a warrant for Weeks’s arrest due to violations of his parole agreement. However, Weeks was then extradited to Missouri as a result of charges faced by Weeks in Missouri. Weeks subsequently pled guilty in Missouri to charges of kidnapping and rape, and he received a sentence in Missouri of concurrent terms of thirty years and life imprisonment. See Weeks v. Bowersox, 119 F.3d 1342, 1344 (8th Cir.1997). After his conviction and sentencing in Missouri, by letter dated March 2, 1994, the MDOC requested that a detainer be placed in Weeks’s file with the Missouri Department of Corrections.
¶ 4. Then, on November 21, 2011, Weeks filed a PCR motion in Mississippi, complaining about the MDOC’s request to place a detainer in his file in Missouri. Weeks filed his PCR in Hinds County, Mississippi, but he received his conviction and sentence in Scott County, Mississippi. The trial court dismissed the PCR motion, and Weeks now appeals.[2]
STANDARD OF REVIEW
¶ 5. “An appellate court will not reverse the circuit court’s dismissal of a PCR motion absent a finding that the decision was clearly erroneous.” Whetstone v. State, 109 So.3d 616, 618 (¶ 6) (Miss.Ct.App.2013). However, we review questions of law, such as jurisdiction, utilizing a de novo standard of review. Id.; see also Cosby v. State, 66 So.3d 161, 165 (¶ 7) (Miss.Ct.App.2010).
DISCUSSION
¶ 6. Weeks argues that Mississippi wrongfully extradited him to Missouri, and because of this error, he asserts that he already served the revoked portion of his Mississippi sentence while serving time in the Missouri Department of Corrections. Weeks, however, provides no record showing that Mississippi ever revoked his parole prior to extradition to Missouri. While Weeks claims that he was arrested and detained in Mississippi for a parole violation, he provides no evidence showing that a revocation hearing occurred or, as previously stated, that the Mississippi Parole Board ever revoked his parole. See Miss.Code Ann. § 47-7-27 (Supp.2012). The appellant possesses a duty to ensure that the record supports his assignments of error. Woods v. State, 71 So.3d 1241, 1245 (¶ 13) (Miss.Ct.App.2011). Therefore, a review of this record fails to reflect a basis for jurisdiction.[3]
¶ 7. Moreover, we note that a PCR motion must be filed in the trial court wherein sentencing was initially imposed. See Miss.Code Ann. § 99-39-7 (Supp. 2012). Therefore, Hinds County also lacked jurisdiction to consider this appeal.
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The record shows that Weeks has received several convictions and sentences from the State of Mississippi. It is difficult to determine which of Weeks's convictions and sentences are the subject of this appeal. However, Weeks's argument on appeal centers around a detainer and a warrant that are included in the record and involve Weeks's burglary conviction and four-year sentence in the custody of the MDOC. Therefore, we will proceed under the assumption that Weeks intended to challenge this conviction only. See Miss.Code Ann. § 99-39-9(2) (Supp.2012) ("A motion [for PCR] shall be limited to the assertion of a claim for relief against one (1) judgment only.”); see also Cook v. State, 990 So.2d 788, 790-91 (¶ 4) (Miss.Ct.App.2008).

. According to Weeks, he is currently incarcerated with the Missouri Department of Corrections.

. "This Court always has jurisdiction to determine whether it properly has jurisdiction. If the Court determines that it has jurisdiction, then it may proceed to address the substantive appeal.” Seal v. State, 38 So.3d 635, 637 (¶ 6) (Miss.Ct.App.2010).