# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02097-COA

LAURON SMITH A/K/A LAURON EDWARD SMITH A/K/A LAURON E. SMITH                                        APPELLANT

v.

CHRISTOPHER B. EPPS, MDOC COMMISSIONER OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/04/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAURON SMITH (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/20/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Lauron Smith filed a motion for post-conviction relief (PCR) alleging illegal imprisonment based on his extradition from Michigan to Mississippi. Upon review, we acknowledge Smith also claims that the Mississippi trial court illegally revoked his post-release supervision (PRS), thus resulting in the extradition he alleges was illegal. In this appeal, Smith alleges his probation officer issued a waiver of indictment to kidnap him and that the Mississippi Department of Corrections (MDOC) commissioner tried to poison him.

Smith now appeals the Rankin County Circuit Court's dismissal of his PCR motion and the denial of his request for post-conviction relief.[1]

**FACTS**

¶2. In March 2009, Smith pled guilty to the charge of the taking of a motor vehicle, and the trial court sentenced Smith to serve a term of six years in the custody of the MDOC, with six years suspended, followed by three years of reporting PRS. The record reflects that while on PRS, Smith absconded supervision, failed to pay his supervision fees, and failed to pay his court fines as ordered, and a warrant was issued for his arrest on November 18, 2011. On May 21, 2012, the trial court revoked Smith's PRS and revoked the suspension of his sentence, ordering him to serve his original six-year sentence.

¶3. In September 2013, Smith filed a request for a writ of habeas corpus[2] in the Rankin County Circuit Court, alleging illegal imprisonment related to his extradition from Michigan to Mississippi as a result of his probation revocation and violation of the conditions of his suspended sentence. On November 4, 2013, the trial court entered an order stating that Smith's PCR motion "is denied and this cause dismissed." The trial court also granted Smith's application to proceed in forma pauperis at the trial court level. Smith's appeal asserts that the revocation of his suspended sentence and PRS was illegal, and thus, his

---

[1] *See* Miss. Code Ann. § 99-39-5 (Supp. 2014).

[2] The Mississippi Uniform Post-Conviction Collateral Relief Act "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." *Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007) (citing *Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (¶8) (Miss. 2001)) (citations omitted). Accordingly, Smith's petition is effectively a PCR motion, and we will refer to it as such in this opinion.

extradition for that conviction and sentence was illegal. Hence, Smith seeks post-conviction relief from an allegedly illegal sentence that he claims resulted from an illegal revocation of his suspended sentence and PRS.

¶4.     Smith appeals to this Court, arguing that he was entitled to an evidentiary hearing on the issues of whether or not MDOC Commissioner Christopher Epps attempted to murder Smith by poisoning him and also whether Smith's probation officer used the extradition waiver to kidnap Smith. Smith asserts that his probation officer had a personal vendetta against him. Smith accuses both his probation officer and Epps of destroying MDOC records pertaining to Smith. Smith also argues that he never executed a waiver of extradition in Michigan. Smith claims that jurisdiction was "dellquished [sic]," and that Mississippi lacks jurisdiction over him.

¶5.     Upon review, we acknowledge Smith's claims that Mississippi lacks jurisdiction over him because his extradition was illegal. Smith claims that he was extradited based upon an illegal revocation of his suspended sentence and PRS. Thus, we find that Smith, in his appeal, claims that his revoked suspended sentence for vehicle theft constitutes an illegal sentence and requests PCR therefrom. Jurisdiction for determining post-conviction relief lies in the trial court in the county where the allegedly illegal sentence was imposed. *See* Miss. Code Ann. § 99-39-7 (Supp. 2014).

## STANDARD OF REVIEW

¶6.     "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App.

2012) (internal citations omitted).

## DISCUSSION

¶7. Smith argues that the trial court erred in dismissing his PCR motion. The record reflects that Smith was convicted and sentenced in the Harrison County Circuit Court, but he filed his PCR motion in the Rankin County Circuit Court. Smith is currently incarcerated in Greene County. The record shows that at the time Smith filed his PCR motion, he was incarcerated in the Central Mississippi Correctional Facility in Rankin County.

¶8. Mississippi Code Annotated section 99-39-7 (Supp. 2014) provides that a PCR motion must be filed in the trial court where the sentence was initially imposed. *See Weeks v. State*, 139 So. 3d 727, 729 (¶7) (Miss. Ct. App. 2013); *McLamb v. State*, 974 So. 2d 935, 938 (¶14) (Miss. Ct. App. 2008). This Court has held that a county fails to "acquire jurisdiction of [a petitioner's] claims by virtue of the fact that he was, at the time of filing, incarcerated in the county." *Maston v. State*, 768 So. 2d 354, 355 (¶5) (Miss. Ct. App. 2000). Accordingly, Smith filed his PCR motion with a circuit court lacking jurisdiction. *See Stevenson v. Miss. Parole Bd.*, 120 So. 3d 467, 470 (¶¶13-14) (Miss. Ct. App. 2013) (affirmed trial court's dismissal of petitioner's PCR motion where petitioner filed the motion in the wrong circuit court).

¶9. After our review, we find no error by the trial court in dismissing Smith's PCR motion for lack of jurisdiction. Accordingly, we decline to address the merits[3] of this appeal and affirm the decision of the trial court. *See Maston*, 768 So. 2d at 355 (¶5).

---

[3] *See Graham v. State*, 85 So. 3d 847, 850-51 (¶6) (Miss. 2012).

4

¶10.   **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**