# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01018-COA

**EDWARD HOUSE A/K/A EDWARD EARL HOUSE**                    **APPELLANT**

**v.**

**PELICIA HALL AND WARDEN FRANK SHAW**                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2017 |
| TRIAL JUDGE: | HON. JUSTIN MILLER COBB |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD HOUSE (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/24/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. The Lauderdale County Circuit Court dismissed Edward House's motion for post-conviction relief (PCR), determining that it lacked jurisdiction because it was not the county where House's convictions had originated. Finding the PCR motion was not properly filed in Lauderdale County, we affirm the circuit court's judgment of dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 7, 1993, House pleaded guilty to manslaughter and robbery with a deadly weapon in Panola County Circuit Court. For the robbery conviction, he was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC) without

eligibility for "parole, probation, good time, earned time, early release or any other administrative reduction in sentence." He was sentenced to twenty years for the manslaughter conviction, with the sentence to run consecutively to the sentence imposed for robbery.

¶3. On October 20, 2004, House entered a guilty plea in Sunflower County Circuit Court to conspiracy and taking contraband onto penitentiary grounds. The court ordered House to serve five years for the conspiracy conviction, with one year to serve, four years of post-release supervision (PRS), and a $3,000 fine. For taking contraband onto penitentiary grounds, he was sentenced to three years without eligibility for probation, parole, suspension of sentence, or earned time. The sentence was to run consecutively to the conspiracy sentence, as well as any other sentence currently being served.

¶4. Subsequently, House pleaded guilty to aggravated assault in Sunflower County Circuit Court on February 10, 2010, and he was sentenced to twenty years in the custody of the MDOC, with fifteen years to serve and five years on PRS. This sentence was to run concurrently with his 1993 Panola County sentences.

¶5. On December 7, 2011, House filed a request through the MDOC's Administrative Remedy Program (ARP), asserting the MDOC had erred in the computation of his sentences. Denying his request, the MDOC responded that House's most recent sentence for aggravated assault was to run concurrently with his other sentences "beginning the date the crime was committed"—June 25, 2007. It also noted that while House was serving his three-year sentence for contraband, he was removed from trusty status, but he would be reinstated to

trusty status upon completion of that sentence. Aggrieved, House filed a second-step request, which the MDOC denied citing the same reasoning. House filed a habeas corpus appeal with the Mississippi Supreme Court on July 5, 2012. Because House had not appealed the MDOC's decision to the circuit court, the Mississippi Supreme Court dismissed the appeal for lack of jurisdiction.

¶6. Years later, on February 22, 2016, House filed another first-step ARP request, again arguing that his sentences were not computed correctly and claiming that he had completed his sentences. The MDOC responded that his file "ha[d] been reviewed and it ha[d] been determined that [his] file [was] correct." Unsatisfied with the response, House filed a second-step request alleging he should be eligible for parole. The MDOC denied his request, stating that although he had been eligible for parole on the manslaughter offense, the other charges were not parole-eligible, and his "current earliest eligibility date of release would be for [earned release supervision] and that date, as of today is 11/03/2017." On August 19, 2016, House filed another ARP—this time arguing that the MDOC made him serve his three-year sentence for contraband on prison grounds twice; thus, depriving him of trusty time from August 2013 to August 2016.

¶7. On October 17, 2016, House filed a PCR motion (Cause No. 2016-0294) in Sunflower County Circuit Court, reiterating his argument from his August 19, 2016 ARP request. Because House's motion was an appeal from the MDOC's ARP decision, Sunflower County found it had no jurisdiction over the matter and remanded the case to Lauderdale County where House was incarcerated. The record does not indicate any action taken by Lauderdale

County Circuit Court with regard to this PCR motion. On February 24, 2017, House filed an interlocutory appeal of the Sunflower County's order to the supreme court (Cause No. 2017-M-252), asserting the action was a PCR because it involves "an issue of the Petitioner being incarcerated after he has completed all of his sentences which is an issue that falls squarely under [Mississippi Code Annotated section] 99-39-1[(Rev. 2015)]";[1] therefore, Sunflower County was the "only proper county for jurisdiction because it is the county that convicted him." The supreme court summarily denied House's interlocutory appeal.

¶8.    On June 27, 2017, House filed a "Petition for Writ of Habeas Corpus" against the MDOC in Lauderdale County Circuit Court (Cause No. 17-CV-083(C)), alleging he had completed his sentences and, thus, was being held in custody illegally.[2] Lauderdale County dismissed for lack of jurisdiction, holding that House's motion "is a claim for post-conviction relief and therefore must be presented to the appropriate sentencing court," which is Sunflower County. House appeals the circuit court's dismissal of his motion.

**DISCUSSION**

¶9.    The issue on appeal is whether the Lauderdale County Circuit Court erred in

---

[1] As noted, House's motion filed in Sunflower County on October 17, 2016, only asserted error in the computation of his three-year sentence for taking contraband onto prison grounds in regard to his qualification for trusty time. It was not until House filed this interlocutory appeal with the supreme court that he raised the claim that he had served all his sentences and was being unlawfully detained. Thus, we find House's assertion that he brought identical issues in both circuit courts is incorrect.

[2] The defendants were MDOC Commissioner Pelicia Hall and MDOC Warden Frank Shaw. We will refer to them collectively as the MDOC.

4

dismissing House's June 27, 2017 PCR motion for lack of jurisdiction.[3] A circuit court's dismissal of a PCR motion will not be reversed on appeal "absent a finding that the decision was clearly erroneous." *Weeks v. State*, 139 So. 3d 727, 729 (¶5) (Miss. Ct. App. 2013) (citing *Whetstone v. State*, 109 So. 3d 616, 618 (¶6) (Miss. Ct. App. 2013)). "However, we review questions of law, such as jurisdiction, utilizing a de novo standard of review." *Id*.

¶10. The MDOC submits that House's PCR motion is procedurally time-barred and barred as a successive writ (noting his 2016 PCR motion filed in Sunflower County). However, one statutory exception to the time bar or successive-writ bar is when a PCR movant demonstrates that either his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss. Code Ann. §§ 99-39-5(2)(a)(b) & 99-39-23(6) (Rev. 2015). Since House's claim is that his sentences have expired, his motion would constitute an exception to any procedural bar.

¶11. Nevertheless, we find no error in the circuit court's ruling that it did not have jurisdiction. In his motion, House argued that his 2010 aggravated-assault sentence had expired because it was to run concurrently with his 1993 thirty-year sentence, and he was being detained in custody illegally. Because House was asserting a PCR claim, his motion should have been filed in Sunflower County, where his conviction originated. "[A] PCR

---

[3] In a supplemental filing pursuant to Mississippi Rule of Appellate Procedure 28(k), the MDOC contends that House's appeal is moot as he was transferred to earned release supervision (ERS) on November 22, 2017. However, because an inmate under ERS is still considered an inmate under the jurisdiction of the MDOC, and may be required to serve the remainder of his sentence(s) upon a violation of ERS conditions, we do not find that the issue of the computation of his sentences is moot. *See* Miss. Code Ann. § 47-5-138(6) (Rev. 2015).

motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated." *Nelson v. Bingham*, 116 So. 3d 172, 174 (¶6) (Miss. Ct. App. 2013) (citing *Maston v. State*, 768 So. 2d 354, 355 (¶¶4-5) (Miss. Ct. App. 2000)).

¶12.    Accordingly, as no circuit court has ruled on House's claims, this Court does not have jurisdiction to consider the merits. *See Graham v. State*, 85 So. 3d 847, 851 (¶7) (Miss. 2012) (holding "it was improper for the Court of Appeals to rule on the merits of [the petitioner's] motion without the circuit court doing so first, as the circuit court had exclusive, original jurisdiction"). House has never filed this specific claim—that his sentence has expired—before the proper court. He first raised the issue on interlocutory appeal from the Sunflower County's ARP decision. Next, he raised it in this PCR action in Lauderdale County where he was incarcerated, not the county where he was convicted. This claim must be brought by a PCR motion in Sunflower County, where he was convicted. Therefore, we affirm the circuit court's dismissal of House's PCR motion for lack of jurisdiction without prejudice to House's right to file a motion in the proper court.

¶13.    **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**