# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00323-COA

**PAUL THOMPSON**                                                              **APPELLANT**

**v.**

**SUPERINTENDENT MARSHALL TURNER**                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/2018 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL THOMPSON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| | DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Paul Thompson filed a motion for post-conviction relief. The Circuit Court of Sunflower County dismissed Thompson's motion for lack of jurisdiction. Thompson appealed. Thompson had filed the subject motion in the county of incarceration. Because jurisdiction over post-conviction matters is proper in the county of conviction, the Sunflower County Circuit Court's dismissal for lack of jurisdiction was proper. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Thompson pled guilty to sexual battery in Oktibbeha County Circuit Court on or about May 5, 2014. He was sentenced to twenty years in the custody of the Mississippi Department

of Corrections with five years of post-release supervision. On December 15, 2017, Thompson filed an action in Sunflower County Circuit Court entitled "Motion for State Writ." Thompson claimed he was entitled to have his conviction and sentence vacated due to newly discovered evidence. The Sunflower County Circuit Court treated the motion as one for post-conviction relief and dismissed the motion for lack of jurisdiction. Aggrieved, Thompson appealed.

## STANDARD OF REVIEW

¶3. "We review the dismissal or denial of a [post-conviction relief] motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard in de novo." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶4. A motion for post-conviction relief "must be filed in the trial court where the sentence was initially imposed." *Smith v. Epps*, 210 So. 3d 982, 984 (¶8) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-7 (Supp. 2014)). This Court has consistently held that "a county fails to acquire jurisdiction of a petitioner's claim by virtue of the fact that he was, at the time of filing, incarcerated in the county." *Id*. (internal quotation mark omitted). Our Supreme Court has provided specific guidance pertaining to cases like the one currently before this Court:

> The Court of Appeals was correct in reversing the circuit court's ruling that it did not have proper jurisdiction to hear Graham's motion for post-conviction collateral relief. However, it was improper for the Court of Appeals to rule on the merits of Graham's motion without the circuit court doing so first, as the

2

circuit court had exclusive, original jurisdiction.

*Graham v. State*, 85 So. 3d 847, 851 (¶7) (Miss. 2012).

¶5.     Thompson pled guilty and was sentenced in the Oktibbeha County Circuit Court. Thompson is incarcerated in Sunflower County. Upon review, we find no error by the circuit court in dismissing Thompson's motion for post-conviction relief for lack of jurisdiction, and we decline to address the merits.

¶6.     **AFFIRMED.**

        **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**