# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01004-COA

**JONATHAN D. COOPER A/K/A JONATHAN**                **APPELLANT**
**DEWAYNE COOPER A/K/A JONATHAN**
**COOPER A/K/A JOHNATHAN COOPER**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2021 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN D. COOPER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/27/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1. Jonathan Cooper filed a "writ of habeas corpus" in the Sunflower County Circuit Court. The circuit court treated Cooper's filing as a motion for post-conviction relief (PCR) and dismissed Cooper's motion as successive. Cooper appealed.

¶2. Cooper filed the subject PCR motion in the county of his incarceration. Because jurisdiction over post-conviction matters is proper in the county of conviction, we find that the Sunflower County Circuit Court lacked jurisdiction over Cooper's PCR motion. We therefore affirm the circuit court's dismissal of Cooper's PCR motion.

### FACTS

¶3. In August 2020, Cooper pled guilty to conspiracy, second-degree murder, and possession of a firearm by a felon in the Washington County Circuit Court. The Washington County Circuit Court sentenced Cooper as a non-violent habitual offender to five years in custody for his conspiracy conviction; forty years for his second-degree murder conviction, with thirty years to serve followed by ten years of post-release supervision; and ten years in custody for his felon-in-possession conviction, with all sentences set to run concurrently in the custody of the Mississippi Department of Corrections.

¶4. In July 2021, Cooper filed a PCR motion in the Sunflower County Circuit Court challenging his Washington County convictions. Cooper argued that his indictment was "void," and therefore the Washington County Circuit Court lacked jurisdiction to enter its judgment of conviction and "detain" him.

¶5. In an order entered on August 11, 2021, the Sunflower County Circuit Court determined that Cooper's PCR motion was successive, explaining that Cooper previously had filed an unsuccessful PCR motion in the Washington County Circuit Court challenging the same convictions. The Sunflower County Circuit Court further found that Cooper's PCR motion lacked merit and that he had no right to relief. The circuit court accordingly dismissed Cooper's PCR motion.

¶6. Cooper now appeals.

**STANDARD OF REVIEW**

¶7. "A circuit court's dismissal of a PCR motion will not be reversed on appeal absent a

finding that the decision was clearly erroneous." *House v. Hall*, 270 So. 3d 79, 81 (¶9) (Miss. Ct. App. 2018) (internal quotation mark omitted). "However, we review questions of law, such as jurisdiction, utilizing a de novo standard of review." *Id*.

## DISCUSSION

¶8. The record reflects that Cooper pled guilty and was sentenced in the Washington County Circuit Court. Cooper is incarcerated in Sunflower County. "[A] PCR motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated." *Nelson v. Bingham*, 116 So. 3d 172, 174 (¶6) (Miss. Ct. App. 2013). "[A] county fails to acquire jurisdiction of a petitioner's [PCR] claims by virtue of the fact that he was, at the time of filing, incarcerated in the county." *Smith v. Epps*, 210 So. 3d 982, 984 (¶8) (Miss. Ct. App. 2015).

¶9. After our review, we find that Cooper should have filed his PCR motion in Washington County, where his conviction originated. Accordingly, the Sunflower County Circuit Court lacked jurisdiction to hear Cooper's PCR motion. *See Thompson v. Turner*, 294 So. 3d 678, 680 (¶5) (Miss. Ct. App. 2020); *Smith*, 210 So. 3d at 984 (¶9). The circuit court should have dismissed Cooper's PCR motion for lack of jurisdiction, rather than dismissing it on the merits.

## CONCLUSION

¶10. We affirm the circuit court's dismissal of Cooper's PCR motion, although we do so due to the circuit court's lack of jurisdiction. *See Washington v. State*, 237 So. 3d 775, 776

3

(¶3) (Miss. Ct. App. 2017).

¶11.    **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**