# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01059-COA

**GEORGE A. SANDERS A/K/A GEORGE A. SANDERS, JR.**                    APPELLANT

**v.**

**TATE REEVES, GOVERNOR OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2022 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE A. SANDERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/27/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     In 2010, George Sanders plead guilty to aggravated assault. Because he had two prior convictions (for burglary and conspiracy to commit murder), he had been indicted as a habitual offender. Following his guilty plea, the Lincoln County Circuit Court sentenced him to twenty years in custody "to be served day for day" under State law.

¶2.     Twelve years later, Sanders mailed a letter to the Governor that expressed his belief that the habitual offender statutes "violate[] federal laws, [are] unconstitutional and should be struck-down." Hearing no response, he filed a civil lawsuit in Jefferson County, naming only the current Governor as the defendant. The lawsuit set out the petitioner's past convictions and also noted others were serving time under the habitual offender laws.

Relying on "public opinion polling," portions of the petition set out how the habitual offender laws were politically unpopular and cost the taxpayers money.

¶3. Further, Sanders claimed the "habitual offender law . . . violates federal laws, it violates the Eighth, Fourteenth Amendment and Equal Protection Clause and it [is] unconstitutional." Sanders requested a preliminary injunction but instead invoked the language of a declaratory judgment: that "this [c]ourt should . . . hold[] that the Defendant['s] three strikes-you're out habitual offender laws in the State[] of Mississippi should be struck-down permanent." He also demanded that in the Legislature's "next . . . Regular Session bring forth such parole bill and eliminate" barriers to parole, including making the prospective new law retroactive.

¶4. Not long thereafter, the Jefferson County Circuit Court dismissed the lawsuit. First, because Sanders' guilty plea was in Lincoln County, the trial court held "this [c]ourt does not have jurisdiction to make rulings on any convictions in Lincoln County[.]" And second, as to the other relief sought, the circuit court ruled it did not have "authority to repeal any laws in the State of Mississippi."

¶5. On appeal, Sanders reurges his attack on the constitutionality of the habitual offender laws, attempting to evade the circuit court's ruling on jurisdiction by claiming he "was not asking the [c]ourt to make a ruling on a conviction" but rather seeking injunctive relief. In response, the State argues the relief he seeks must be categorized as a request for post-conviction relief.

¶6. The PCR statutes govern claims "[t]hat the conviction or the sentence was imposed

2

in violation of the Constitution of the United States or the Constitution or laws of Mississippi" and "[t]hat the statute under which the conviction and/or sentence was obtained is unconstitutional[.]" Miss. Code Ann. § 99-39-5(1)(a), (c) (Rev. 2020). This far-ranging reach was expressly stated as the purpose of the PCR statutes—"to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2020).

¶7. To the extent Sanders seeks to have his sentence declared unconstitutional, he asks for post-conviction relief. His lawsuit had to be filed accordingly: "[A] PCR motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated." *Nelson v. Bingham*, 116 So. 3d 172, 174 (¶6) (Miss. Ct. App. 2013). "[A] county fails to acquire jurisdiction of a petitioner's [PCR] claims by virtue of the fact that he was, at the time of filing, incarcerated in the county." *Smith v. Epps*, 210 So. 3d 982, 984 (¶8) (Miss. Ct. App. 2015) (internal quotation mark omitted). Therefore the circuit court was correct to conclude it lacked jurisdiction over Sanders' claims for a guilty plea and conviction taken in a neighboring county.[1]

¶8. But not all the relief Sanders sought was the declaration that the habitual offender

---

[1] The trial court held it "denied" Sanders' claims rather than dismissed them. The proper terminology was that the claims were dismissed for lack of jurisdiction since "[i]n a 'dismissal,' the court finally disposes of an action, suit, motion, etc. without reaching the merits and without trial of the issues involved." *Hull v. State*, 356 So. 3d 169, 171 n.1 (Miss. Ct. App. 2023). In contrast, when a circuit court reviews and then rejects the merits of a PCR petition, it denies (rather than dismisses) the claims. *Id*.

laws were unconstitutional. He also demanded the Governor and the Legislature accede to his wishes, and in his view that of the general public, to amend or repeal these laws at the next session of the Legislature. This argument presents a political question, which is beyond the jurisdiction of our Judiciary to reach. "The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Ghane v. Mid-S. Inst. of Self Def. Shooting Inc.*, 137 So. 3d 212, 217 (¶11) (Miss. 2014) (quoting *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986)). The circuit court was correct to decline to find jurisdiction on these claims.

¶9. Finding that the relief Sanders seeks is in the nature of a PCR, we conclude any request for relief of this type must be filed in his county of conviction, not incarceration.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

4